UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT (RAFFAUEL) GOOCH, JR.,

    Plaintiff,

v.

ACCREDITED HOME LENDERS, et al.,

    Defendants.

                                             /

Case No. 1:14-CV-00689

HON. ROBERT J. JONKER

## OPINION AND ORDER RE REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 47), recommending that the Defendants' motions to dismiss (docket nos. 7 & 25) both be denied. The Defendants have filed Objections to the Magistrate Judge's Report and Recommendation (docket nos. 49 & 50). Plaintiff has made three filings with this Court, providing various documents relating to the mortgage (docket nos. 51, 53, & 57). In his submissions, Plaintiff's only direct reference to the Magistrate Judge's conclusions and recommendations is a comment indicating that he agrees with at least the part of the recommendation indicating that a status conference is appropriate (docket no. 51, Br. at 1, PageID # 215.) Accordingly, the Court proceeds from the premise that the Defendants have, in two separate submissions, raised almost identical objections, and that Plaintiff has not raised an objection.

## I.  STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Defendants' Objections to the Magistrate's Report and Recommendation.  After its review, the Court approves and adopts the Magistrate Judge's Report and Recommendation.

This case concerns a mortgage on real property originally purchased by the Plaintiff's father, and potentially transferred to him at some point near the time of his father's passing. Plaintiff is proceeding pro se.  Plaintiff claims, among other things, that Defendants overcharged him, failed to fulfill reporting requirements, and wrongfully refused to modify

his loan. He seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Racketeering Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501, *et seq.*, and state tort law. The Magistrate Judge observed that Plaintiff's allegations were frequently inconsistent and not well documented, but that if Plaintiff has any claim, it would be for a violation of the FDCPA.

The Report and Recommendation carefully reviews the record and examines the relevant law. It recommends denying the motion to dismiss without prejudice as to Plaintiff's FDCPA claims, granting the motion to dismiss as to Plaintiff's RICO claim, Servicemembers Civil Relief Act claim, and state tort law claim, and setting the matter for a status conference to address the filing of an amended complaint and the status of the respective parties. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion. The Court also agrees that a Rule 16 conference would be appropriate.

## II. DEFENDANTS' OBJECTIONS

Defendants MERS and Ocwen filed an objection to the Magistrate Judge's Report and Recommendation (docket no. 49), and Defendant Saxon Mortgage Services filed a "response in opposition" to the Magistrate Judge's Report and Recommendation (docket no. 50). While

the parties phrase their objections differently, they address the same concerns and are substantially the same, and so the Court addresses them together.

### A. Plaintiff's FDCPA Claims

Defendants argue that because Plaintiff's FDCPA claims must fail as a matter of law, the Magistrate Judge erred in recommending that they be dismissed without prejudice. (docket no. 49, Br. at 11, PageID # 199.)  Defendant Saxon raises the same objection, although notably treats the dismissal without prejudice as to both counts under the FDCPA separately, resulting in two objections that fundamentally address the same issue: whether the Magistrate Judge properly handled Plaintiff's FDCPA claims. (docket no. 50, Br. at 5-6.) Defendants argue that the Magistrate Judge overlooked their statute of limitations argument, and that in any event, the claims are not adequately pled against Defendant Ocwen. (docket no. 49, Br. at 12-13, PageID # 200-01.)  Similarly, Defendant Saxon asserts that the Magistrate Judge did not adequately address the statute of limitations argument, and that Plaintiff's complaint does not contain adequate factual allegations against it. (docket no. 50, Br. at 6.)

Defendants' objection fails to recognize the well-established fact that courts must consider the allegations made by pro se litigants with a degree of leniency.  This court must consider the pleadings with the traditional leniency normally afforded to pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (stating that the court should hold pro se pleadings to a less stringent standard than formal pleadings drafted by lawyers).  Under this

rule, pro se complaints are held to even "less stringent standards than formal pleadings drafted by lawyers." *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987) (internal quotation marks omitted). Without an adequate record to assess Defendants' argument, the Magistrate Judge correctly declined the opportunity to rule on the merits, or to dismiss certain Defendants from the suit. Because the Court must provide a pro se Plaintiff the flexibility to develop his claim at this stage in the proceedings, the Court declines to reach a different conclusion than the Magistrate Judge.

### *B. Plaintiff's Leave to Amend his Complaint*

Defendants also argue that because Plaintiff has not filed a motion to amend his Complaint, the Magistrate Judge erred in dismissing Plaintiff's claims without prejudice. (docket no. 49, Br. at 1, PageID # 203.) This is the essentially the same objection raised by Defendant Saxon, who insists that the Magistrate Judge applied to wrong legal standard in assessing whether Plaintiff potentially has a FDCPA claim against Defendants (docket no. 50, Br. at 4-5.)

Again, Defendants' argument does not recognize that Plaintiff is proceeding pro se, and accordingly fails to recognize the long-standing line of Sixth Circuit precedent requiring courts to construe pro se complaints with a degree of leniency. *See Haines*, 404 U.S. at 520–21 (stating that the court should hold pro se pleadings to a less stringent standard than formal pleadings drafted by lawyers); *Kent*, 821 F.2d at 1223-24 (same). The Magistrate Judge correctly noted that it is "not at all clear from the allegations as to the extent of

Plaintiff's ownership interest in the property or to the extent of Plaintiff's liability for the 2006 mortgage loan." (docket no. 47, Report at 8, PageID # 180.) Accordingly, the Magistrate Judge was correct to afford Plaintiff the opportunity to provide the necessary documentation and better articulate his claim. The Court finds no error.

### III. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 47), is accepted. Defendants' motions to dismiss (docket nos. 7 & 25) are **DENIED IN PART and GRANTED IN PART**. The Court encourages the Magistrate Judge to schedule a Rule 16 conference and any other process he thinks is likely to promote the Federal Rule of Civil Procedures' goal of "just, speedy, and inexpensive determinations" of cases. F.R.C.P. 1.

**IT IS SO ORDERED.**

Dated:     August 28, 2015              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE