UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT (RAFFAUEL) GOOCH,

    Plaintiff,

v.

ACCREDITED HOME LENDERS,
*et al.*,

    Defendants.
_____/

Case No. 1:14-cv-00689

Hon. Robert J. Yonker

| | |
|---|---|
| Michelle M. McLean (P71393)<br>Christine L. Welton (P77734)<br>Bolhouse, Baar, & Hofstee, P.C.<br>Counsel for Plaintiff<br>Grandville State Bank Building<br>3996 Chicago Drive, SW<br>Grandville, MI 49418<br>(616) 531-7711<br>michellem@bolhouselaw.com<br>christinew@bolhouselaw.com | Nasseem S. Ramin (P)<br>Thomas M. Schehr (P)<br>Thomas Holmes Trapnell (P)<br>Dykema Gossett PLLC<br>Counsel for Defendants MERS and Ocwen<br>400 Renaissance Ctr., 36th Fl.<br>Detroit, MI 48243-5384<br>(313) 568-6800<br>Nramin@dykema.com<br>tschehr@dykema.com<br>ttrapnell@dykema.com<br><br>Beth A. Norrow<br>Greenberg Traurig PA<br>Counsel for Defendant Saxon Mortgage Services, Inc.<br>450 S. Orange Ave., Ste. 650<br>Orlando, FL 32801<br>(407) 420-1000<br>norrowb@gtlaw.com |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Robert (Raffauel) Gooch, by and through his attorneys, Bolhouse, Baar & Hofstee, P.C. and in complaint against the Defendant Ocwen Loan Servicing, LLC states, alleges and asserts as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for violations of the Fair Debt Collection Practices Act hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Jurisdiction of this court thus arises under 28 U.S.C. § 1331.

3. Plaintiff also brings this action for violations of the Michigan Regulation of Collection Practices Act (hereinafter "MRCPA"), M.C.L. § 445.251 *et seq*.

4. This court has supplemental jurisdiction over Plaintiff's related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

5. The transactions and occurrences which give rise to this action occurred in Kent County, Michigan.

6. Venue is proper in the Western District of Michigan.

## PARTIES

7. Robert (Raffauel) Gooch ("Plaintiff" or "Mr. Gooch") is an adult, natural person residing in Grand Rapids (Kent County), Michigan. Mr. Gooch is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a Delaware limited liability company authorized to conduct business in the state of Michigan with registered offices at CSC-Lawyers Incorporating Service, 601 Abbot Road, East Lansing, Michigan 48823. Ocwen is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

1. On or about May 24, 2005, Plaintiff's father, Robert Gooch Jr., transferred to Plaintiff via Quit Claim Deed certain residential property located at 22 Shelby St. SW, Grand Rapids (Kent County), Michigan, 49507 and legally described as:

> **THE EAST 28 FEET OF LOT 15 OF NAEGLE'S FOURTH ADDITION TO THE CITY OF GRAND RAPIDS, KENT COUNTY, MICHIGAN, ACCORDING TO THE RECORDED PLAT THEREOF.**

(hereinafter "the Family Home"). [See Quit Claim Deed dated May 24, 2005, recorded May 31, 2005, with Kent County Register of Deeds, bearing Doc. No. 20050531-0063276, attached as **Exhibit A**.]

2. The Family Home is a single unit residential real property.

3. The Family Home was originally purchased in April 1976 by Plaintiff's father for personal, family, and household purposes.

4. Plaintiff lives in the Family Home as his primary residence and claims the primary residence exemption for real estate tax purposes.

5. Plaintiff granted ALH a Mortgage dated July 14, 2006, secured by the Family Home. [See Mortgage dated July 14, 2005, recorded July 25, 2006, with Kent County Register of Deeds, bearing Doc. No. 20060725-0083463, attached as **Exhibit B**.]

6. Ocwen is attempting to collect a debt from Plaintiff based upon the Mortgage.

7. A search of the records for the Kent County Register of Deeds for the relevant timeframe does not include any assignments from ALH to any other entity, including Ocwen. [See Register of Deeds Document Search for Kent County from 2003 to present attached as **Exhibit C**.]

8. On or about December 15, 2013, Ocwen mailed Plaintiff a written loan modification agreement. The loan modification agreement stated its effective date to be January 1, 2014, with an initial payment of $372.95 due on or before the effective date, and that the first regular payment under the modification agreement was due February 1, 2014. [See Loan Modification Agreement dated December 15, 2013, attached as **Exhibit D**.]

9. By letter dated December 18, 2013, Ocwen advised Plaintiff that his request to modify the loan had been denied referring Plaintiff to separate "Denial Letters" for the reason for the denial. [See Letter from Ocwen to Plaintiff dated December 18, 2013, attached as **Exhibit E**.]

10. By letter dated January 7, 2014, Ocwen advised Plaintiff that his application for a loan modification was incomplete. [See Letter from Ocwen to Plaintiff dated January 7, 2014, attached as **Exhibit F**.]

11. By letter dated January 20, 2014, Plaintiff advised Ocwen that he had not received the finalized Loan Modification Agreement despite his compliance with all of its requests for documentation and payment of $372.95. [See Letter from Plaintiff to Ocwen dated January 20, 2014, attached as **Exhibit G**.]

12. By letter dated January 23, 2014, Ocwen responded to Kimberly Weber of the Michigan Department of Insurance and Financial Services regarding the handling of Plaintiff's mortgage loan. That letter explained that Ocwen had obtained the servicing rights to the mortgage on April 20, 2010,

from Saxon. That letter also confirms that the mortgage was approved for a modification on December 13, 2013, that the initial payment due therefore was received January 2, 2014, and that the loan was modified on January 17, 2014. [See Letter from Ocwen to Kimberly Weber dated January 23, 2014, attached as **Exhibit H**.]

13. By letter dated January 30, 2014, Kimberly Weber asked Ocwen to clarify a discrepancy in its January 23, 2014 letter, and confirm that the mortgage was due for April 1, 2014, in the amount of $372.95. Ms. Weber also requested a copy of the completed modification agreement. [See Letter from Kimberly Weber to Ocwen dated January 30, 2014, attached as **Exhibit I**.]

14. By letter dated January 30, 2014, Ocwen again advised Plaintiff that his request for a modification had been denied "because the financial records you provided us indicate that you have the ability to pay your current mortgage payment using your income, cash reserves or other assets." [See Letter from Ocwen to Plaintiff dated January 30, 2014, attached as **Exhibit J**.]

15. By letter dated February 13, 2014, Ocwen advised Kimberly Weber that the mortgage was due for April 1, 2014, in the amount of $331.08. [See Letter from Ocwen to Kimberly Weber dated February 13, 2014, attached as **Exhibit K**.]

16. By letter dated March 18, 2014, Ocwen advised Kimberly Weber that the annual escrow analysis resulted in the reduction of the monthly escrow payment for the mortgage from $172.17 to $130.30. The letter further explained that the January 30, 2014, modification denial letter was sent based on a loan modification application received January 29, 2014. [See Letter from Ocwen to Kimberly Weber dated March 18, 2014, attached as **Exhibit L**.]

17. By letter dated April 9, 2015, Plaintiff requested Ocwen to provide him a complete payment history for the mortgage. [See Facsimile and Certified Mail receipt from Plaintiff to Ocwen dated April 9, 2015, attached as **Exhibit M**.]

18. By facsimile dated April 16, 2015, Plaintiff again requested Ocwen to provide him a complete payment history for the mortgage. [See Facsimile from Plaintiff to Ocwen dated April 16, 2015, attached as **Exhibit N**.]

19. Ocwen has not provided the requested payment history to Plaintiff.

20. Ocwen did provide an earlier payment history to Plaintiff covering approximately March 2010 through December 2013, which payment history reveals numerous questionable charges and transactions, including "property inspection fees," "property valuation expense," "certified mail costs," "title report fee," reversals of payment, suspense transfers, and insurance disbursements. [See Payment History from Ocwen, attached as **Exhibit O**.]

21. Ocwen inexplicably required Plaintiff to go through probate proceedings to be appointed Personal Representative of his father's estate in order to become an authorized third party on the Mortgage and to seek modification. [See ICCF Client Summary Report, attached as **Exhibit P**.] However, Plaintiff owned the property at the time of the Mortgage and the Mortgage was to Plaintiff. [See Exs. A and B.]

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reaffirms and realleges all previous paragraphs by reference.

23. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

24. Ocwen's conduct, including refusal to cooperate with Plaintiff's requests for information, contradictory statements concerning the status of the Mortgage and modification process, designation of Plaintiff as a third party on his own mortgage, and assessment of questionable charges, all served to harass, oppress, and abuse Plaintiff.

25. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

26. Ocwen's repeatedly made false, deceptive, or misleading representations to Plaintiff.

27. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, which includes the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f.

28. Ocwen's payment history for the Mortgage illustrates the unfair or unconscionable collection efforts it undertook in assessing questionable charges without authorization.

29. Ocwen's conduct was intentional.

30. Plaintiff relied upon contradictory statements made to him by Ocwen's representatives and as a result, spent extraordinary time, effort, and expense to comply with Ocwen's demands.

31. Plaintiff requests that this Court enter a judgment awarding Plaintiff his actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney fees and costs of bringing this action pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT

32. Plaintiff reaffirms and realleges all previous paragraphs by reference.

33. Ocwen is a regulated person, as defined by the MRCPA, M.C.L. § 445.251 *et seq*.

34. M.C.L. § 445.252 prohibits a regulated person from communicating with a debtor in a misleading or deceptive manner; making an inaccurate, misleading, untrue or deceptive statement; or misrepresenting to the debtor legal status of an action or his or her rights.

35. Ocwen made inaccurate, misleading, untrue, and deceptive statements to Plaintiff, and repeatedly misrepresented the respective legal rights of the parties.

36. Ocwen's violations were willful.

37. Plaintiff relied upon contradictory statements made to him by Ocwen's representatives and as a result, spent extraordinary time, effort, and expense to comply with Ocwen's demands.

38. Plaintiff requests that this Court enter a judgment awarding Plaintiff his actual damages, treble damages, statutory damages, and reasonable attorney fees and costs of bringing this action, all pursuant to M.C.L. § 445.252.

WHEREFORE, the Plaintiff Robert (Raffauel) Gooch hereby respectfully requests this Honorable Court:

    A. Enter a Judgment awarding Plaintiff his actual damages and statutory damages for Defendant's violations of the Fair Debt Collection Practices Act;

B. Enter a Judgment awarding Plaintiff his actual damages and statutory damages for Defendant's violations of the Michigan Regulation of Collection Practices Act; and

C. Award Plaintiff his reasonable attorney fees and costs of bringing this action;

D. Such other relief as the Court deems just and proper.

                              Respectfully submitted,

Dated: <u>December 30, 2015</u>           Bolhouse, Baar & Hofstee, P.C.

By:   <u>/s/ Christine L. Welton</u>
      Christine L. Welton (P77734)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville, MI 49418
Phone: (616) 531-7711

Attorneys for Plaintiff Robert Gooch

7